UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT ALDRICH,
          Plaintiff,

      v.                                             Civil Action
                                                    No. 13-10754 -WGY

RAQUEL RUANO,
          Defendant.

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                       July 10, 2013

On May 31, 2013, this Court dismissed this case by Electronic Order, noting an opinion would follow. On June 17, 2013, Plaintiff filed a Notice of Appeal (Docket No. 8). See Aldrich v. Ruano, No. 13-1798 (1st Cir. 2013). Thereafter, on June 24, 2013, a Memorandum (Docket No. 11) issued setting forth the reasons for dismissal. This Court also denying Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) because Plaintiff failed to submit his certified prison account statement as required. Nevertheless, this Court stated that:

> Notwithstanding the denial of this motion, however, this does not absolve Aldrich from his obligations to pay the entire $350.00 filing fee for this action, which was due at the time of filing of the Complaint. This Court will enter an Order assessing Aldrich's filing fee obligations pursuant to 28 U.S.C. § 1915(b) upon receipt of his prison account statement filed in connection with any Motion for Leave to Proceed on Appeal *in forma pauperis,* which must be filed with the District Court in the first instance. Aldrich is advised that failure to satisfy the filing fee requirements of the United States Court of Appeals for the First Circuit ("First Circuit") may result in the dismissal of his appeal by the First Circuit.

Memorandum (Docket No. 11 at 5).

On June 28, 2013, Plaintiff filed a Motion for Leave to Appeal *in forma pauperis* (Docket No. 14). On July 3, 2013, Plaintiff filed his prison account statement.

Upon review of Plaintiff's financial disclosures and prison account statement, this Court finds that Plaintiff lacks sufficient funds to pay the appellate filing fees. Accordingly, his

Motion for Leave to Appeal *in forma pauperis* (Docket No. 14) is <u>ALLOWED</u>.  The clerk shall transmit a copy of this Memorandum and Order to the First Circuit Clerk's Office.

Further, in view of this Court's Memorandum advising Plaintiff that he would be assessed the $350.00 filing fee pursuant to the Prison Litigation Reform Act, it is hereby Ordered that:

Plaintiff is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

1. Plaintiff Robert Aldrich is assessed an initial partial filing fee of <u>$30.57</u>, pursuant to 28 U.S.C. § 1915(b)(1)(A);[1]

2. The remainder of the fee <u>$319.43</u> is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Plaintiff; however, for purposes of clarification for crediting any funds received from Plaintiff, and to facilitate proper record-keeping by the Treasurer's Office at MCI Shirley and by the Clerk's Office Accounting Department, this Court intends that any funds received from plaintiff's prison account first be applied to any prior Order of a Court assessing a filing fee

---

[1] This assessment is made pursuant to a manual calculation of Plaintiff's six-month average deposits, as reflected in the prison account submitted.  This is without prejudice to Plaintiff seeking modification provided he submit certified prison account information demonstrating that a different assessment should be made under 28 U.S.C. § 1915(b).  This assessment is made even though Plaintiff may not have sufficient funds in his account to pay the initial partial filing fee.  The *in forma pauperis* statute provides for assessment of the filing fee at the time of filing of the Complaint, with collection to be made when funds exist.

pursuant to 28 U.S.C. § 1915.[2]

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

---

[2]In other words, plaintiff's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by a court. See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d, 241 F.3d 264, 277 (2d Cir. 2001).  See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").